# IN THE COURT OF APPEALS OF IOWA

No. 23-0122
Filed June 7, 2023

**ALEXIS FICEK,**
　　　Plaintiff-Appellee,

**vs.**

**RONALD MORGAN III,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


　　　A father appeals the district court's order on remand of his petition to modify

visitation. **AFFIRMED AS MODIFIED.**


　　　Ronald Morgan, Newton, self-represented appellant.

　　　Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, West Des Moines, for

appellee.


　　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Ronald (Ronnie) Morgan appeals the district court's order on remand of his petition to modify visitation with two minor children, A.M. and E.M. Ronnie alleges that the court's holiday visitation schedule is not in the children's best interests and that the children's mother, Alexis Ficek, should share responsibility for transportation to and from visitation. Upon our de novo review, we affirm the court's decision with respect to visitation but modify the order such that the responsibility for transportation shall be shared. We decline Alexis's request for appellate attorney fees.

## I. *Background Facts and Proceedings.*

The facts are substantially as we set them out in Ronnie's last appeal:

Ronnie and Alexis were never married but have two minor children together, A.M., born in 2011, and E.M., born in 2013. In 2015, the court entered a decree establishing paternity, child custody, visitation, and support. Ronnie and Alexis were awarded joint legal custody. Alexis was awarded physical care subject to Ronnie's scheduled visitation, which included alternating weekends and overnights during the week. The court ordered Ronnie to pay $667.92 per month in child support and provide health insurance for the children.

Ronnie began using opiates in approximately 2017 and later developed an addiction to heroin. He entered an in-patient treatment facility in early 2019, but upon his departure, Ronnie relapsed and overdosed while the children were in his care. The children found him unresponsive and called a grandparent for assistance. Ronnie re-entered in-patient treatment in July and eventually transitioned to a sober living house from August into October. Ronnie relapsed upon his release but maintains he has remained sober since October 27, 2019 and no longer requires any form of treatment.

After Ronnie's overdose in the children's presence, Alexis filed an application for modification of the court's 2015 decree. Ronnie did not participate in the modification case, and the court entered a default judgment in November 2019. The court awarded sole legal custody to Alexis and left Ronnie's visitation rights up to Alexis's discretion—with visitation to occur as deemed to be in the

best interests of the children and under the supervision of Alexis, a professional supervisor, or a third party chosen by Alexis.

Since then, Alexis and Ronnie's co-parenting relationship has remained rocky. As the district court noted, "they bicker inappropriately when discussing the children" and "clearly do not agree on many issues." Ronnie faults Alexis for, among other things, not being more liberal with his visitation, limiting his phone communication with the children, and over-enrolling the children in extracurricular activities—particularly during the time they have agreed to set aside for his visitation.[1] Alexis likewise faults Ronnie for a number of issues, including inconsistent and cancelled visits, lack of attendance at therapy sessions, and "hostile" communication.

At the same time, Ronnie has started down a better path in many ways. He provided five clean drug tests in the two years between the default modification order and the modification trial presently under review. Although Ronnie struggled to work and fell behind in child support during the height of his addiction, he has maintained steady employment since April 2021. He is married, and his wife's three children reside in their home part-time. Ronnie is afforded regular, unsupervised, and overnight visitation with his eldest child, R.M., born out of a different relationship in 2008.

In December 2020, Ronnie filed a petition for modification, alleging a substantial change in circumstances since the default order. After a bench trial in November 2021, the court ordered the modified paternity order from 2019 to remain in full force and effect, except that the provision requiring supervision of Ronnie's visitation be deleted.

*Ficek v. Morgan*, No. 22-0217, 2022 WL 4361747, at *1–2 (Iowa Ct. App. Sept. 21, 2022).

In that appeal, we determined the district court acted equitably and in the children's best interests by refusing to confer legal custody or decrease child support for Ronnie. While we also agreed with the court's decision to remove the supervision requirement for Ronnie's visitation, we disagreed that his visitation should be left entirely to Alexis's discretion. Therefore, "we remand[ed] to the

---

[1] The parties have engaged in mediation on at least two occasions. Most recently, they agreed in May 2021 that Ronnie shall have parenting time with the children every Saturday from 10:00 a.m. until 7:00 p.m.

district court to set a gradual visitation schedule for Ronnie that progresses, over a period of no more than six months, to every other weekend from Friday at 5:00 p.m. until Sunday at 5:00 p.m., as well as additional visitation on a weekday or worknight, the details of which shall be set by the district court upon consideration of the children's best interests."

On remand, the district court set a visitation schedule consistent with our opinion and ordered that Ronnie would be solely responsible for transportation for his visitation. In December 2022, Ronnie filed a motion to reconsider, requesting the court also put in place a holiday visitation schedule and modify the transportation arrangement. The court found a holiday visitation schedule would be in the children's best interests and ordered the following schedule to go into effect after completion of the six-month graduated schedule, which was anticipated to end on March 31, 2023.

| Holiday | Even Years | Odd Years |
| --- | --- | --- |
| Easter – 10:00 a.m. to 2:00 p.m. | Respondent | Petitioner |
| Mother's day – 10:00 a.m. to 2:00 p.m. | Petitioner | Petitioner |
| Memorial day – 10:00 a.m. to 2:00 p.m. | Petitioner | Respondent |
| Father's day – 10:00 a.m. to 2:00 p.m. | Respondent | Respondent |
| Labor day – 10:00 a.m. to 2:00 p.m. | Respondent | Petitioner |
| Thanksgiving day – 10:00 a.m. to 2:00 p.m. | Petitioner | Respondent |
| Christmas Eve – 10:00 a.m. to 2:00 p.m. | Respondent | Petitioner |
| Christmas Day – 10:00 a.m. to 2:00 p.m. | Petitioner | Respondent |
| New Year's Eve – 10:00 a.m. to 2:00 p.m. | Respondent | Petitioner |

The court also denied Ronnie's motion with regard to transportation. Ronnie filed a timely appeal.

## II. Review.

Our review of custody proceedings for a child born out of wedlock is de novo. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). We give weight to the district court's factual findings and credibility determinations, though we are not bound by them. *Id.*; Iowa R. App. P. 6.907. "Prior cases have little precedential value, except to provide a framework for analysis, and we must base our decision on the particular facts and circumstances before us." *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992).

## III. Discussion.

Ronnie requests that we award him a more generous holiday visitation schedule, which either reflects that of the original 2015 decree or the proposed holiday schedule included in his recent motion to reconsider, enlarge, or amend. Essentially, he wishes to add additional holidays to the schedule and enjoy more time with the children on each holiday. He also asks for extended visitation during the children's summer break, which was previously afforded under the parties' 2015 decree. In evaluating Ronnie's request, we look first and foremost to the best interests of the children. *See In re Marriage of Brainard*, 523 N.W.2d 611, 615 (Iowa Ct. App. 1994) ("Although liberal visitation is the benchmark, our governing consideration in defining visitation rights is the best interests of the children, not those of the parent seeking visitation.").

We find the district court's order is consistent with our direction on remand, which was to support the children's best interests with a slow and steady approach

to increased visitation. Ronnie may not enjoy the visitation he was initially afforded, but consistency will be key—both for his well-being and sobriety and in his relationship with the children. We remind the parties that the court-ordered visitation schedule is the minimum, and additional visits may occur as may be mutually agreed to by the parties. *In re Marriage of Bevers*, 326 N.W.2d 896, 899 (Iowa 1982). Ultimately, we affirm the district court's order with respect to holiday and summer visitation.

As for the transportation arrangement, Ronnie requests that we enter an order requiring that he and Alexis share the burden. Ronnie argues the present allocation is a financial hardship and is inequitable because he earns less income than Alexis. *See In re Marriage of Lambert*, No. 10–1495, 2011 WL 1584585, at *4 (Iowa Ct. App. Apr. 27, 2011) (affirming the allocation of all transportation costs to one parent when supported by a disparity in income levels); *Erdman v. Vopava*, No. 15–1030, 2016 WL 1358968, at *5 (Iowa Ct. App. Apr. 6, 2016) (declining to impose a greater share of the transportation costs on the party who voluntarily moved out of state when the other parent could not demonstrate a disparity in income). He points out that both parents have reliable transportation and jobs that allow flexibility in transporting the children. They live approximately thirty-five to forty-five minutes apart.

Ronnie also contends that splitting transportation to and from visits will maximize the children's quality time with him and be beneficial for them to see their parents supporting each other's relationship with the children. We agree and determine transportation obligations should be shared. We therefore modify the decree so that the receiving parent is responsible for transporting the children.

Alexis requests that Ronnie be ordered to pay her appellate attorney fees. An award of attorney fees is a matter of our discretion and not merely a matter of course. *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). "We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal." *In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa 1999). Given the comparable financial positions of the parties and merits of the arguments on appeal, we decline to award appellate attorney fees to Alexis.

**AFFIRMED AS MODIFIED.**